FILED
12/29/2022 11:42 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-07338-D

CAUSE NO. _____

| | | |
|---|---|---|
| **CAROLYN RUTH BRADLEY** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW N.O** _____ |
| | § | |
| **TARGET CORPORATION d/b/a** | § | |
| **TARGET** | | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES CAROLYN RUTH BRADLEY, hereinafter called Plaintiff, complaining of and about TARGET CORPORATION, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

1.     Due to the requirements of Texas Rule of Civil Procedure 47, the Plaintiffs state that the monetary relief sought is over $250,000 but not over $1,000,000. Plaintiff also intends to conduct discovery under Discovery Level 2 in accordance with the Texas Rules of Civil Procedure.

### II.

### PARTIES AND SERVICE

2.     Plaintiff CAROLYN RUTH BRADLEY is an individual who is a resident of Texas.

3.     Defendant TARGET CORPORATION d/b/a TARGET, a Foreign Limited Liability Company L corporated in Minnesota, may be served with process through its registered agent: CT Corporation System, whose registered agent's address is listed as 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by Certified Mail Return Receipt Requested through the clerk of the court.

**EXHIBIT C, TAB 1, PAGE 1**

## III.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      This court has jurisdiction over Defendant TARGET CORPORATION d/b/a TARGET because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. The assumption of jurisdiction over Defendant Point TARGET, will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.      Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.

## FACTS

7.      On or about October 22, 2021, Plaintiff was shopping in a TARGET CORPORATION facility called TARGET, located at 3730 Belt Line Rd., Addison, TX 75001 in Dallas County, exercising ordinary care for her safety and the safety of others. Plaintiff was heading toward the cash registers when she slipped and fell. As a result of Defendant's negligent conduct, Plaintiff sustained substantial injuries to her person and was forced to incur physical and economic damages.

## V.

## RES IPSA LOQUITUR

8.      Because Defendant was in exclusive control over the premises at the time of this injury, Plaintiff relies on the doctrine of *res ipsa loquitur* in that Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence and that the maintenance and safety of the floor were within the exclusive control of the

Defendants at the time the negligence occurred.

## VI.
## PLAINTIFF'S CLAIM OF PREMISES LIABILITY
## AGAINST TARGET CORPORATION

9.      Defendant TARGET CORPORATION was in control of the property in question. Defendant knew or should have known that Plaintiff, or someone similarly situated to Plaintiff, would be a business invitee on the premises, and as such had a duty to Plaintiff.

10.     Defendant TARGET CORPORATION, breached its duty by allowing an unsafe condition to exist that, through the exercise of ordinary care, was known or should have been known; and/or

11.     Defendant TARGET CORPORATION, by and through its agents, servants, and or employees, negligently allowed the premises to become dangerous, negligently permitted such dangerous conditions to exist, and negligently failed to warn Plaintiff of the dangerous condition of the premises, despite the fact that Defendant, its agents, servants, and/or employees, knew, or in the exercise of ordinary care, should have known of the existence of the dangerous condition of the premises and its potential for injury. Plaintiff further alleges that the unreasonably dangerous condition of the premises was created by Defendant and/or had continued for such a period of time that it should have been noticed and removed if Defendant, its agents, servants, and employees had exercised ordinary care in the operation and maintenance of the premises.

## VII.
## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT TARGET CORPORATION

12.     Defendant TARGET CORPORATION had a duty to exercise the degree of care that a reasonably careful business would use to avoid harm to others under circumstances similar to those described herein.

13.     Plaintiff's injuries were proximately caused by Defendant's negligent, careless, and

reckless disregard of said duty.

14.    The incident and Plaintiff's injuries were proximately caused by the negligence of Defendant acting by and through its employees, servants, and agents in one or more of all of the following particulars, but not to the exclusion of other means not mentioned:

  a) Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a business exercising ordinary prudence under the same or similar circumstances;
  b) Defendant failed to post signs warning of the unreasonable danger as a business exercising ordinary prudent care would have done under the same or similar circumstances.

15.    In addition, Defendant knew, or should have known, that a dangerous condition existed. However, Defendant failed to inspect the floor, failed to discover the dangerous condition, failed to restrict customers from the area, or otherwise remedy the condition, and failed to warn of these conditions. These acts and/or omissions were a proximate cause of Plaintiff's injuries and damages.

## VIII.
## DAMAGES FOR PLAINTIFF CAROLYN RUTH BRADLEY

16.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendant caused Plaintiff to suffer bodily injury, and to incur the following damages:

  A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in DALLAS County, Texas;

  B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  C.    Physical pain and suffering in the past;

  D.    Physical pain and suffering in the future;

  E.    Physical impairment in the past;

  F.    Physical impairment which, in all reasonable probability, will be suffered in the future

  G.    Mental anguish in the past; and

  H.    Mental anguish in the future.

## VI.
## AGGRAVATION

17.    In the alternative, if it is shown that CAROLYN RUTH BRADLEY suffered from any

pre-existing injury, disease, and/or condition at the time of the incident made the basis of the lawsuit,

then such injury, disease, and/or condition was aggravated and/or exacerbated by the negligence of the

Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff CAROLYN RUTH BRADLEY

respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for Plaintiff against Defendant, jointly and severally, for damages in an

amount within the jurisdictional limits of the Court together with pre-judgment interest from the date of

injury through the date of judgment at the maximum rate allowed by law, post-judgment interest at the

legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law

or in equity.

Respectfully submitted

Stanley and Associates, PLLC
2600 K Avenue, Suite 180
Plano, TX 75074
Tel. (214) 570-4944
Fax (214) 540-4561

By:    _/s/ Dustin Brown_
Dustin Brown
Texas Bar No. 24076985
Dustin@seriousinjury.legal
**Attorney for Plaintiffs**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dustin Brown on behalf of Dustin Brown
Bar No. 24076985
dustin@stanley-lawfirm.com
Envelope ID: 71353223
Status as of 12/29/2022 12:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dustin Brown | | dustin@seriousinjury.legal | 12/29/2022 11:42:51 AM | SENT |
| Alejandra Klugger | | alejandra@seriousinjury.legal | 12/29/2022 11:42:51 AM | SENT |

Associated Case Party: CAROLYNRUTHBRADLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dustin Brown | | dustin@seriousinjury.legal | 12/29/2022 11:42:51 AM | SENT |
| Alejandra Klugger | | alejandra@seriousinjury.legal | 12/29/2022 11:42:51 AM | SENT |

**EXHIBIT C, TAB 1, PAGE 6**