IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN RUTH BRADLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00193-E |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### **MEMORANDUM OPINION AND ORDER**

This is a removal proceeding. Before the Court is Defendant Target Corporation's 12(b)(6) Motion to Dismiss, which seeks to dismiss Plaintiff Bradley's "general negligence" claims, as asserted her state-court petition. (ECF No. 2). Bradley has responded. (ECF Nos. 7-8). For the reasons enumerated below, the Court GRANTS Target's Motion to Dismiss.

#### I.   BACKGROUND

On December 29, 2022, Bradley initiated this this action in state court alleging:

> On or about October 22, 2021, Plaintiff was shopping in a TARGET CORPORATION facility called TARGET, located at 3730 Belt Line Rd., Addison, TX 75001 in Dallas County, exercising ordinary care for her safety and the safety of others. **Plaintiff was heading toward the cash registers when she slipped and fell.** As a result of Defendant's negligent conduct, Plaintiff sustained substantial injuries to her person and was forced to incur physical and economic damages.

(ECF No. 1-3) (emphasis added in bold). On January 25, 2023, Target timely removed this case to the Court. (ECF No. 1). Bradley proceeds on her state-court petition, which alleges claims under theories of res ipsa loquitur, premises liability, and negligence as follows:

> Plaintiff relies on the doctrine of res ipsa loquitur in that Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence[];

> . . . .
> Defendant TARGET CORPORATION, by and through its agents, servants, and or employees, negligently allowed the premises to become dangerous, negligently permitted such dangerous conditions to exist, and negligently failed to warn Plaintiff of the dangerous condition of the premises[]
> . . . .
> Defendant TARGET CORPORATION had a duty to exercise the degree of care that a reasonably careful business would use to avoid harm to others under circumstances similar to those described herein. . . . Plaintiffs injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty. . . . The incident and Plaintiff's injuries were proximately caused by the negligence of Defendant acting by and through its employees, servants, and agents in one or more of all of the following particulars, but not to the exclusion of other means not mentioned: a) Defendant failed to keep a proper lookout for Plaintiffs safety that would have been maintained by a business exercising ordinary prudence under the same or similar circumstances; b) Defendant failed to post signs warning of the unreasonable danger as a business exercising ordinary prudent care would have done under the same or similar circumstances. . . . In addition, Defendant knew, or should have known, that a dangerous condition existed. However, Defendant failed to inspect the floor, failed to discover the dangerous condition, failed to restrict customers from the area, or otherwise remedy the condition, and failed to warn of these conditions. These acts and/or omissions were a proximate cause of Plaintiff's injuries and damages.

(ECF No. 1-3 at 2-4).

On January 25, 2023, Target moved to dismiss "the general negligence cause of action, negligence per se and any and all other allegations beyond the scope of a premise cause of action asserted against Target pursuant to Federal Rule of Civil Procedure 12(b)(6)" because "Texas law does not authorize a general negligence claim against the possessor of a premises for an injury caused by a condition on the premises." (ECF No. 2 at 1-2). Target has not moved to dismiss Bradley's premises liability claim. (*See* ECF Nos. 2-3). Bradley has responded, (ECF No. 7), but Target has filed no reply. Target's Motion to Dismiss is ripe for consideration.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a

plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

### III.   ANALYSIS

#### A. Claim Abandonment

Here, neither Party briefed claim abandonment. However, it is evident from Bradley's response that she has abandoned all of her negligence-based claims beyond the scope of a premises liability cause of action. A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g., Vela v. City of*

*Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

> Bradley's Response to Target's Motion to Dismiss provides, in pertinent part:
>
> Defendant asserts in its Motion to Dismiss "that Texas does not authorize a general negligence claim against the possessor of a premises for an injury caused by a condition on the premises." Defendant requests the court to strike certain paragraphs of Plaintiff's pleadings that allege a general negligence cause of action.
>
> Plaintiff objects to this assertion and requests the Court Deny Defendant's Motion to Dismiss because Texas does recognize such causes of action. ***It seems that Defendant is trying to prematurely file a summary judgment motion in order to limit plaintiff's causes of action before discovery has been conducted.***
>
> ***Discovery is much needed in these premises cases*** because the Defendant's hold all of the information and rarely is Plaintiff given or able to acquire the information necessary to investigate such conditions and activities prior to suit being filed. ***These cases are very fact intensive and vary from case to case. Discovery is needed to see what claims are viable.***
>
> WHEREFORE, PREMISES CONSIDERED, Plaintiff request the Court DENY Defendant's Motion to Dismiss the negligence claims at this time and for such other and further relief the Court may find appropriate at law or in equity.

(ECF No. 7 at 1-2) (emphasis added in bold and italics). Bradley's Brief in Response to Target's Motion to Dismiss provides, in pertinent part:

> Negligence and negligent activity are commonly alleged based on the same facts to ***allow for discovery to investigate the viability*** of either theory. Defendants are usually the best situated to have investigated and acquired knowledge of the facts, both prior and subsequent to the incident, that ***Plaintiff is seeking in discovery***. To properly pursue discovery for both theories of liability, ***Plaintiff pleads both in order to investigate and conduct discovery.***
> . . . .
> It is possible that Defendant currently has more knowledge regarding the facts of the claim at this time because discovery has not been conducted. ***In the Defendant's mind, it may know that there is no contemporaneous activity relevant to this case. But the Plaintiff does not have this knowledge.*** There could be ***videos of the fall*** that Plaintiff has not received. There could be ***witness statements*** that Plaintiff has not been given. There could be ***testimony acquired through depositions*** that could lead to ***admissible evidence*** that has not been conducted.

> ***A Motion to Dismiss at this early stage is meant to limit the Plaintiff's ability to investigate claims.*** It is possible that it may become a proper motion later, but not at this early time. ***Further factual development for the Court may be necessary before ruling on such a motion.***

(ECF No. 8 at 1-2) (emphasis added in bold and italics). Bradley does not otherwise brief Target's argument that Texas law does not authorize a general negligence claim against the possessor of a premises for an injury caused by a condition on the premises. (*See* ECF Nos. 7-8). Indeed, apart from Bradley's one-sentence general "objection" to Target's motion to dismiss—which appears to misunderstand the nature of a motion to dismiss based on Rule 12(b)(6) and a motion for summary judgment—Bradley's briefing relies on her wholly unsupported argument that a motion to dismiss is "premature[]" "at this early stage" as "discovery has not been conducted." (ECF Nos. 7-8). Bradley directs the Court to no law that a motion to dismiss is improper due to a lacking of discovery, and the Court has found none. *See* Fed. R. Civ. P. 12.[1] Indeed, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Bradley has plead no documents as central to her claim(s). (ECF No. 1-3). Furthermore, the type of discovery Bradley anticipates in her briefing would likely be impermissible to consider under these circumstances and in the motion to dismiss context. *See Lone Star Fund V*, 594 F.3d at 387. Target has filed no motion for summary judgment.[2]

---

[1] Federal Rule of Civil Procedure 56 governs summary judgment in federal cases. *See* Fed. R. Civ. P. 56.

[2] The record does not support conversion of Target's motion to dismiss into a motion for summary judgment. *See, e.g.*, *United States Solomon v. Lockheed Martin Corp.*, No. 3:12-CV-4495-D, 2015 WL 6956578, at *4 (N.D. Tex. Nov. 10, 2015) (discussing conversion of certain types of motion(s) to dismiss based on Rule 12 into motion(s) for summary judgment).

Bradley has failed to defend her negligence-based claims in response to Target's Motion to Dismiss. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[3] For the reasons enumerated above, the Court concludes Bradley has abandoned her negligence-based claims beyond the scope of a premises liability cause of action. The Court GRANTS Target's motion to dismiss as to Bradley's negligence-based claims beyond the scope of a premises liability cause of action, such that only Bradley's premises liability claim remains.

**B.  Premises Liability and Negligence Claims Under Texas Law**

Notwithstanding Bradley's abandonment discussed above, Target asserts Bradley's negligence-based claims should be dismissed in accordance with Texas law. (ECF Nos. 2-3). It is undisputed that this is a diversity case in which Texas law governs. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 195-96 (5th Cir. 2014) (per curiam) (explaining Texas law applied to removed lawsuit asserting "ordinary negligence, gross negligence, and premises liability claims against Kroger").[4]

Here, Bradley advances two different theories for recovery for her injury—negligent activity and premises liability. (ECF No. 1-3).[5] In applying Texas law, the Fifth Circuit has distinguished claims based on negligent activity and premises liability:

---

[3] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

[4] "[C]ommon law negligence claims . . . are governed solely by state law." *Educare Cmty. Living Corp.-Tex. v. Wilmore*, 976 F. Supp. 1041, 1043 (E.D. Tex. 1997) (citations omitted).

[5] Res ipsa loquitur is a doctrine used to create an inference of negligence or a rebuttable presumption of negligence. *See Johnson v. United States*, 333 U.S. 46, 48 ("The rule of res ipsa loquitur . . . means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference.") (internal citation and quotation omitted);

> Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago*, 307 S.W.3d at 776 (footnote omitted). Thus, the Texas Supreme Court has repeatedly declined to "eliminate all distinction" between these two theories. *See Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992).

*Austin*, 746 F.3d at 196. In other words, "[u]nder Texas law, a person injured on another's property has two potential causes of action against the owner of the property: (1) a negligence claim for negligent activity on the premises, and (2) a premises liability claim for an unreasonably dangerous condition on the premises." *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 56 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd) (Busby, J.) (citing *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).[6] "Although both liability theories are based on negligence principles, they are independent theories that require different elements of proof." *Roye*, 447 S.W.3d at 56 (citing *Olivo,* 952 S.W.2d at 529).[7] A plaintiff "cannot pursue both a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197.

---

*see, e.g.*, *Anderson v. Octapharma Plasma, Inc.*, No. 3:19-CV-2311-D, 2021 WL 4219700, at *2 (N.D. Tex. Sept. 16, 2021) (discussing and applying the same).

[6] In distinguishing these theories of liability, the Texas Supreme Court has explained:

> When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. *Id.* When the injury is the result of the property's condition rather than an activity, premises-liability principles apply. *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex. 1992).

*Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016).

[7] "Because premises defect cases and negligent activity cases are based on independent theories of recovery, a simple negligence question, unaccompanied by the Corbin elements as instructions or definitions, cannot support a recovery in a premises defect case." *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997) (internal citations omitted).

As pled, Bradley pursues both a negligent activity and a premises defect theory of recovery based on the same injury. (ECF No. 1-3). Bradley's pleadings refer to the condition of the floor and a corresponding failure to warn. (ECF No. 1-3). In *Austin*, similar to the present case, the plaintiff advanced claims against a store based on negligent activity and premises liability after he fell on the store premises. 746 F.3d at 195. As discussed in *Austin*, Bradley's pleading is concerned with a condition on the premises rather than an ongoing activity. 746 F.3d at 196; (*see* ECF No. 1-3); *see ,e.g.*, *Gray v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-1255-K-BT, 2020 WL 7327994, at *3 (N.D. Tex. Nov. 6, 2020), *report and recommendation adopted*, No. 3:19-CV-1255-K-BT, 2020 WL 7322737 (N.D. Tex. Dec. 11, 2020) (discussing similar factual analysis). Bradley pled no facts relating to negligent activity that occurred on the premises that contemporaneously resulted in her injury. (*See* ECF No. 1-3); *Keetch*, 845 S.W.2d at 264 ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."). Thus, Bradley's pleadings suggest she was injured by a condition on the Target premises rather than an activity that occurred on the premises. *See Keetch*, 845 S.W.2d at 264. As discussed in *Austin* and in light of Bradley's pleadings, the Court determines Bradley's "injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity." 746 F.3d at 196 (internal quotation marks omitted).

Because Bradley pled she "was injured by a condition created by [an] activity rather than the activity itself, [she] is limited to the premises liability theory of recovery." *Lucas v. Titus Cnty. Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied) (citing J. Hadley Edgar, Jr. & James B. Sales, *Texas Torts & Remedies* § 20.01 (1997) (citing *Stanley Stores, Inc. v. Veazey*, 838 S.W.2d 884, 886 (Tex. App.—Beaumont 1992, writ

denied) (finding woman who slipped in soft-drink-display puddle was not entitled to pursue a negligent-activity theory of liability because her fall was caused by a condition created by the activity rather than the activity itself))); *see also Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 648 (Tex. 2016). ("We hold instead that premises-liability principles apply to a property owner who creates a dangerous condition on its property, and that the claim of a person injured by the condition remains a premises-liability claim as to the owner-creator, regardless of how the injured party chooses to plead it."); *see, e.g.*, *Gray*, 2020 WL 7327994, at *3 (discussing the same and analyzing plaintiff's negligence claim under a premises liability theory) (collecting cases). For the reasons enumerated above, the Court GRANTS Target's Motion to Dismiss as to negligence-based claims beyond the scope of a premises liability cause of action, such that only Bradley's premises liability claim remains.

## IV. CONCLUSION

For the reasons enumerated above, Plaintiff Bradley's general negligence and other negligence claims beyond the scope of a premises liability cause of action are DISMISSED without prejudice. Bradley's premises liability claim against Defendant Target Corporation remains pending before the Court.

**SO ORDERED.**

21st day of September, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE