IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN RUTH BRADLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00193-E |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Target Corporation (Target)'s Motion for Summary Judgment, which seeks dismissal of Plaintiff Carolyn Bradley's premises liability claim. (ECF No. 19). Having carefully considered the Motion for Summary Judgment, response, reply, corresponding appendices, and applicable law, the Court grants Target's Motion for Summary Judgment.

### I. BACKGROUND

**A. Bradley Falls in a Target Store**

It is undisupted that on October 22, 2021, she was shopping in a Target store located at 3730 Belt Line Road, Addison, Texas, 75001, when she fell. (ECF No. 1-3 at 3). In deposition, Bradley testified:

> [Question]. Do you remember where in the store you fell?
> . . . .
> [Bradley]. Yes. I was in front of the cash registers.
> . . . .
> [Question]. Can you remember where you were looking as you were walking along just before you tripped?
> [Bradley]. Just straight ahead. . . . looking in the direction of where I was going.
> . . . .

> [Question]. You tripped and fell to the ground?
> [Bradley]. Yes. [. . . .] forward.
> [Question]. Before you tripped, did you see anything on the floor?
> [Bradley]. No.
> . . . .
> [Question]. Did you feel around to feel the floor to see if you could feel anything that you tripped on?
> [Bradley]. No.
> [Question].When you fell, did you have any idea of [. . .] how you tripped?
> [Bradley]. No.
> . . .
> [Question]. [D]id you feel like you tripped over you own feet?
> [Bradley]. No.
> . . . .
> [Question]. Did Target do something wrong to cause you to fall[]?
> [Bradley]. I'm assuming and I think there had to have been something in the floor that made me fall like I did.
> . . . .
> [Question]. So you're suing Target because you assume something was on the floor?
> [Bradley]. Yes. That I had to have tripped over something.
> . . . .
> [Question]. If there was nothing on the floor, would you have any beef against Target?
> [Bradley]. No.

(ECF No. 21 at 7-14). On October 22, 2021, Target's Executive Team Leader of Human Resources Megan Trammel responded to this incident in the Target store. (ECF No. 21 at 21-23). Trammel testified in deposition that Bradley "said she thinks she fell over her own feet." (ECF No. 21 at 23). Trammel testified that she was trained to visually and physically inspect "hazards that may have caused an incident." (ECF No. 21 at 24). Trammel testified she inspected the fall area physically and visually but "didn't find anything that may have caused an incident." (ECF No. 21 at 23, 30-31). Trammel testified that two other employees visually inspected the fall area but that neither found anything on the floor where Bradley fell. (ECF No. 21 at 31-33). Trammel completed a "Guest Incident Report," which is reproduced below and was discussed during her deposition.

[LOD Investigation Report form, handwritten]

(ECF No. 26 at 3). Trammel testified she photographed the fall area as Bradley left the Target store, (ECF No. 21 at 26), and the photographs are in the record as follows:

(*Images appear on next page*).

  

(ECF No. 21 at 38-40). The record contains an affidavit of a witness to the incident, Karen Robertson, in which Robertson testifies "I overheard [Bradley] say that she tripped over her own feet."

B. Procedural History

On December 29, 2022, Bradley initiated this this action in state court alleging claims for negligence and premises liability. (ECF No. 1-3). On January 25, 2023, Target timely removed this case to the Court. (ECF No. 1). The Court previously dismissed without prejudice Bradley's negligence claims, leaving only her premises liability claim. (ECF No. 18); *Bradley v. Target Corp.*, No. 3:23-CV-00193-E, 2023 WL 6166475, at *5 (N.D. Tex. Sept. 21, 2023).

On January 23, 2024, Target moved for summary judgment on Bradley's remaining premises liability claim—seeking judgment that Plaintiff take nothing from Target. (ECF Nos. 19; 20; 21). Target argues Bradley lacks evidence on element(s) of her premises liability claim. (ECF No. 20). Bradley has filed a response. (ECF Nos. 24; 25; 26). Target has replied. (ECF No. 27). Having been fully briefed, Target's Motion for Summary Judgment is ripe for adjudication.

II.   LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254-55. Moreover, the evidence the nonmovant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The evidence must be such that a jury could reasonably find in the nonmovant's favor. *Anderson*, 477 U.S. at 248. If the nonmovant is unable to make such a showing, the court must grant summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When, as here, a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Celotex*, 477 U.S. at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party . . . only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. . . . "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458. Regarding assertions of fact, Federal Rule of Civil Procedure 56 states:

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

### III. PREMISES LIABILITY

An invitee[1] asserting a premises liability claim must prove: **(1)** a condition on the premises posed an unreasonable risk of harm; **(2)** the owner knew or reasonably should have known of the danger; **(3)** the defendant breached its duty of ordinary care by (a) failing to adequately warn the plaintiff of the condition or (b) failing to make the condition reasonably safe; and **(4)** the defendant's breach proximately caused the plaintiff's injury. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015); *Fort Brown Villas III Condominium Ass'n Inc. v. Gillenwaler*, 285 S.W.3d 879, 883 (Tex. 2009); *see e,g.*, *McCarty v. Hillstone Rest. Group, Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (discussing the same elements). In exercising ordinary care, a landowner generally has "a duty to warn or make safe, but not both." *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996).

Target first challenges whether evidence exists as to the first element for Bradley's premises liability claim—whether a condition on the premises posed an unreasonable risk of harm. *See Austin*, 465 S.W.3d at 202. In response, Bradley avers that "[t]he flooring of the store is a notorious section of the store due to the surface of the floor having a highly slick or sticky traction, dependent on the moisture levels on the floor." (ECF No. 25 at 4). However, Bradley directs the Court to no evidence that the floor was either highly slick or sticky.

Bradley appears to assert Target had knowledge of an unreasonable risk of harm because certain portions of the Target store's flooring are tiled and other portions are carpeted. (ECF No. 25 at 5-6). However, Bradley refers the Court to no evidence in the record that shows either the tiled or carpeted flooring posed an unreasonable risk of harm. And, the Court has found no such evidence. Bradley's self-serving testimony that she assumes she had to have tripped over

---

[1] It is undisputed that Bradley was an invitee when she fell in the Target store.

something will not satisfy her summary judgment burden. (ECF No. 21 at 13-14); *see Douglass*, 79 F.3d at 1429 (explaining unsubstantiated assertions do not suffice to meet a nonmovant's summary judgment burden). Bradley refers the Court to no evidence that shows a condition on the premises posed an unreasonable risk of harm. Bradley's scant briefing refers the Court to no evidence that (i) challenges any of Target's assertions of fact or (ii) controverts Target's summary judgment evidence. (ECF Nos. 25; 26); *see* Fed. R. Civ. P. 56(e)(2)-(3); *Olabisiomotosho*, 185 F.3d at 525.

Upon review of the summary judgment record, the Court determines there is no evidence of the first element of Bradley's premises liability claim—a condition on the premises that posed an unreasonable risk of harm. Thus, Bradley has failed to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in her favor as to her only remaining claim for premises liability. *See Celotex*, 477 U.S. at 324. The Court pretermits further discussion of the premises liability claim as unnecessary, as Bradley's complete failure of proof concerning the first essential element of her premises liability claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. The Court GRANTS Target's Motion for Summary Judgment.

### IV.   CONCLUSION

For the reasons enumerated hereabove, the Court GRANTS Target's Motion for Summary Judgment on Bradley's sole remaining claim for premises liability. (ECF No. 19). The Court shall enter a final judgment by separate filing. Fed. R. Civ. P. 54.

**SO ORDERED.**

31st day of July, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE